```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      EASTERN DIVISION
```

GEORGIA M. THERIAULT,

    Plaintiff,

               vs.               No.: 1:14-cv-01350-JDB-egb

NLC SERVICING, INC., *et al.*,

    Defendants.

---

## REPORT AND RECOMMENDATION

---

On December 29, 2014, the *Pro Se* Plaintiff filed this instant complaint pursuant and an application seeking leave to proceed *in forma pauperis* [D.E. 1&2]. On December 30, 2014, the undersigned granted the Motion to Proceed *in forma pauperis* [D.E. 5].

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

    The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—
    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.
Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should

therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## Background

Plaintiff Georgia M. Theriault ("Plaintiff") complains in her *pro se* suit of a foreclosure on her house. The Defendants are NLC Servicing, Inc., Mortgage Electronic Registry Systems,

4

Inc.(MERS), GMAC Mortgage, LLC, and OCWEN Loan Servicing, LLC ("Defendants").

Plaintiff asserts – without providing the address of her home or even if it clearly has been foreclosed – that she is a resident of Brownsville, Haywood County, Tennessee and the mortgagor in regards to the mortgage is Defendant OCWEN Loan Servicing, LLC. She continues that MERS is listed as the mortgagee in the Haywood County records. She questions the true names of these Defendants.

Plaintiff states that on or about August 26, 2005 she executed a promissory note with Defendant Citizens Bank in the amount of $64,000, and this note was secured by a mortgage (loan #180000238[1]). She continues that OCWEN became the alleged holder of this note on November 30, 2012 and April 15, 2014 by virtue of an "invalid late" MERS assignment.

Also among the numerous documents filed by Plaintiff are the Certificate of Death of Stephen Theriault, Plaintiff's husband on September 25, 2007 and a loan modification agreement by them with GMAC and concerning real property located at 493 Ricky Street in Brownsville, likely the real property now at issue.

---

[1] This is not to be confused with the similar in style loan number (1860000238) for the promissory note with Citizens bank.

Report and Recommendation

Plaintiff claims that the Defendants either are attempting to foreclose or already have foreclosed on her home in Brownsville, Haywood County. Either way, the Magistrate Judge fails to recognize a federal claim within this complaint. Nor is there diversity of citizenship between the parties as Plaintiff is a resident of Tennessee and Defendant NLC Serving, Inc., Shapiro & Kirsch LLP is also a citizen of Tennessee located at 555 Perkins Road Extended, Second Floor, Memphis, TN 38117.

Based upon all of the above, the Magistrate Judge recommends dismissal of all claims.

Respectfully Submitted this 21st day of April, 2015.

                                        **s/Edward G. Bryant**
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**